## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JANETTA CLARK,

           Plaintiff,

v.                               CIVIL ACTION NO.  2:08-CV-1066

MYLAN PHARMACEUTICALS, INC. et al.,

           Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion to vacate the plaintiff's notice of dismissal ("motion to vacate") [Docket 19].  The plaintiff has not responded to the motion to vacate.

On July 21, 2008, the plaintiff instituted this action.  On September 10, 2008, the case was transferred to the undersigned from the Northern District of West Virginia.  On December 1, 2009, the plaintiff voluntarily dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  The referenced Rule provides that a plaintiff may dismiss an action without leave of court if a notice of dismissal is filed "before the opposing party serves either an answer or a motion for summary judgment . . . ."  Fed. R. Civ. P. 41(a)(1)(A)(i).

The defendants have not filed an answer to the complaint.  In sum, however, they contend that the combination of certain language in PTO 16 and Rule 41(a)(1)(A)(i) should be construed so as to treat their entry of an appearance as constituting an answer for purposes of precluding voluntary dismissal without a court order. The PTO 16 language relied upon by the defendants states as follows:

> **Answers to Short-Form Complaints Not Required**.  Defendants are not required to file answers to Short-Form Complaints.  An entry of appearance shall constitute a denial of all allegations in the Short-Form Complaint and an assertion of all defenses that are included in the Defendant's Master Answer.  This paragraph does not preclude the filing of Rule 12 motions or any other motion in any particular case at other times, as appropriate.

(PTO 16 ¶ 1.D).

The difficulty with the defendants' assertion is that paragraph 1.D does not provide that the entry of appearance formally constitutes an answer. In actuality, the subsection heading unambiguously provides that "Answers" are unnecessary. The entry of appearance in this action served some, perhaps many, of the purposes of an answer, but the language of Rule 41(a)(1)(A)(i) leaves little room for interpretation.  If the defendants wish, at some future time in some other case, to prevent the action taken by plaintiff here, they are given leave to file an otherwise untimely, formal answer in any case in which they intend to pursue the Rule 11 process and thereby prevent resort to Rule 41(a)(1)(A)(i) that could be perceived as thwarting the purposes of Rule 11.

Accordingly, I am unable to treat the entry of an appearance under PTO 16 as an "answer" as that term of art is understood within the Federal Rules of Civil Procedure.  I **DENY** the motion to vacate.  Should the plaintiff elect to re-file the action, however, and did so in another jurisdiction, it seems clear that the defendants would lose the valuable protections afforded by pretrial orders previously entered in this MDL, especially with respect to seeking relief under Rule 11 and associated requests for admission. Pursuant to Rule 41(a)(2), an action may be dismissed by court order at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In order to uphold the purpose of streamlining pretrial discovery in these cases and doing so in a consistent and fair manner, it is proper to condition plaintiff's dismissal to account for the concerns

expressed above. I direct that if plaintiff wishes to re-institute this action, she must do so by an original filing in this District.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                        ENTER:       February 10, 2010

                        Joseph R. Goodwin, Chief Judge